IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDERICK T. RAY, III, :
:
    Petitioner, : CIVIL ACTION
:
v. : NO. 10-2772
:
LOUIS FOLINO, et al., :
:
    Respondents. :

OPINION

Slomsky, J.                                                                                                                     July 1, 2010

**I.    INTRODUCTION**

On June 8, 2010, Petitioner Frederick T. Ray, III filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In the Petition, he challenges his state court conviction arguing that his guilty plea was involuntary and asserting a violation of his Sixth Amendment right to proceed *pro se* at his criminal trial. On June 16, 2010, the Court referred the matter to U.S. Magistrate Judge Arnold C. Rapoport for a Report and Recommendation. (Doc. No. 2.)

After review of the submissions of the parties and the state court record, Magistrate Judge Rapoport issued a Report, recommending the Petition be denied with prejudice and dismissed without an evidentiary hearing. (Doc. No. 12.) On April 25, 2011, Petitioner filed Objections to the Report and Recommendation. (Doc. No. 19.)[1] The Court must now "make a de novo

---

[1] Judge Rappoport filed a Report and Recommendation on February 25, 2011. (Doc. No. 12.) On February 28, 2011, copies were sent to all parties of record, including Petitioner. In a notice attached to the Report, Petitioner was instructed that he had fourteen days to file objections to the Report. (Doc. No. 12-2.) Petitioner failed to file objections within this period. However, on April 25, 2011, Petitioner filed a Motion to File Objections *Nunc Pro Tunc*. (Doc.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). For reasons that follow, the Court will approve and adopt with modification the Report and Recommendation (Doc. No. 12) and deny the Petition (Doc. No. 1) with prejudice.[2]

## II.   FACTUAL BACKGROUND

On September 17, 2004, Petitioner began a fight with another individual, Matthew Mack, outside an apartment building in West Chester, Pennsylvania. (Doc. No. 4 at 6.) Petitioner then left the area, returning five to ten minutes later with a twelve-inch knife. (Id.) Mack retreated into an apartment and closed the door. (Id.) Petitioner then stabbed the door with the knife and cut himself in the process, leaving blood at the scene. (Id.) Petitioner also broke two windows with the knife handle. (Id.) Soon afterwards, he was apprehended and charged with multiple offenses including attempt to commit burglary, burglary, possession of instruments of crime,

---

No. 18.) This Court granted the Motion (Doc. No. 20), and will consider the merits of the Objections (Doc. No. 19).

[2] For purpose of this Opinion, the Court has considered the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer in Response to the Petition for Writ of Habeas Corpus (Doc. No. 4), Magistrate Judge Rapoport's Report and Recommendation (Doc. No. 12), Objections to Proposed Findings of Fact and Recommendations (Doc. No. 19), and the pertinent state court record. The Court has also considered the Reply Brief filed by Petitioner (Doc. No. 17).

Although Judge Rapoport afforded Petitioner several extensions of time in which to file a Reply Brief, Petitioner failed to do so. (Doc. Nos. 6, 8, 11.) Thus, at the time Judge Rapoport filed the Report and Recommendation, this brief was not before Judge Rapoport and not considered by him. (See Doc. No. 12 at 1 n.1.) After Judge Rapoport filed the Report, Petitioner filed a Motion to File a Reply Brief *Nunc Pro Tunc*. (Doc. No. 15.) On March 15, 2011, the Court granted the Motion. (Doc. No. 16.) On April 7, 2011, Petitioner filed the Reply Brief. (Doc. No. 17.) The Court has considered this brief in making a de novo determination of those portions of the Report to which objection has been made.

terroristic threats, criminal trespass, criminal mischief, simple assault, and disorderly conduct. (Doc. No. 12 at 2.)

On May 31, 2005, Petitioner entered a guilty plea and was sentenced in accordance with a written plea agreement to an aggregate term of five to ten years incarceration, followed by two years probation. (Id.) During the May 31, 2005 hearing at which Petitioner pled guilty (the "Hearing"), Petitioner expressed dissatisfaction with counsel and requested to proceed *pro se* at trial if his concerns were not addressed. (Doc. No. 4 at 4-5.) Petitioner later expressed a desire to enter a guilty plea. (Id. at 9.) Accordingly, the trial court conducted a colloquy to insure the plea was knowing, intelligent, and voluntary. (Id.) In the colloquy, Petitioner acknowledged that he understood the rights he was giving up, had an opportunity to review the guilty plea with counsel, and was voluntarily pleading guilty. (Id. at 9-10.) In addition, Petitioner stated he was satisfied with his representation despite his earlier indications to the contrary. (Id. at 17-18).

On June 10, 2005, Petitioner moved to withdraw his guilty plea. (Id. at 5.) On July 7, 2005, the trial court denied the motion. (Id.) On August 8, 2005, Petitioner filed a *pro se* appeal of this denial to the Pennsylvania Superior Court. (Id.) He raised two issued on appeal. First, he argued that the trial court erred when it denied his request to proceed *pro se* at trial because his request was equivocal. Second, he argued that the trial court erred when it failed to conduct an adequate colloquy on the waiver of counsel. (Doc. No. 12 at 2.) Petitioner also claimed that, as a result of these errors, his guilty plea was involuntary and improperly induced. (Id.) On September 12, 2006, the Superior Court affirmed the sentence of the trial court. (Doc. No. 4 at 6.) Petitioner then filed a Petition for Allowance of an Appeal to the Pennsylvania Supreme Court. (Id.) On June 5, 2007, the Pennsylvania Supreme Court denied the petition. (Id.)

On August 1, 2001, Petitioner filed in state court a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541. (Doc. No. 12 at 3.) Petitioner asserted the following claims: (1) he was denied his constitutional right to proceed *pro se* at trial; (2) he was denied effective assistance of counsel in that counsel (a) failed to object to the court's erroneous denial of his request to proceed *pro se*, (b) failed to inform him that his guilty plea waived any future challenge to the denial of his right to proceed *pro se*, (c) failed to object to an unsworn plea agreement, and (d) failed to object to an illegal sentence; and (3) the guilty plea was not knowingly and involuntarily entered. (Id.) On December 6, 2007, the PCRA court issued a notice of intent to dismiss the petition,[3] before dismissing the petition on January 30, 2008. (Id.)

On February 11, 2008, Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court. (Id. at 4.) After receiving the notice, the PCRA court ordered Petitioner to file a concise statement of issues to be raised on appeal. (Id.) On June 20, 2008, Petitioner complied with the Order by filing the statement. (Id.) Thereafter, the PCRA court issued an Opinion finding that the claims involving the right to proceed *pro se* and the involuntariness of the guilty plea that were raised in the PCRA petition were either previously litigated or waived. (Id.) The PCRA Court also found that the ineffective assistance of counsel claims were waived because Petitioner did not raise these errors on direct appeal. (Id.)

Petitioner once again appealed to the Pennsylvania Superior Court, which affirmed the

---

[3] Petitioner objects to the statement that, on December 6, 2007, the PCRA court issued a Notice of Intent to Dismiss prior to dismissal without a hearing. (Id. at 2.) For reasons discussed in Section IVA, the Court accepts and approves the Report's factual background regarding this Notice over Petitioner's objection.

dismissal of the PCRA Petition. (Doc. No. 4, Ex. I at 1.) On September 10, 2009, the Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal. (Doc. No. 4 at 6.)

On June 8, 2010, Petitioner filed his federal habeas petition with this Court. (Doc. No. 1.) Petitioner claims the state court erred in several respects: (1) by denying his claim that he had a right to proceed *pro se* at trial; (2) by denying his claim that his guilty plea was involuntary; (3) by denying his claim of ineffective assistance of counsel when counsel failed to object to the trial court's ruling on his request to proceed *pro se* at trial; and (4) by denying his claim of ineffective assistance when counsel failed to object to the inadequate colloquy on his waiver of counsel. (Doc. No. 12 at 5-6; Doc. No. 1 at 13-16.)

As noted, on June 16, 2010, the Court referred the matter to the Honorable Arnold C. Rapoport, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2) On February 25, 2011, Judge Rapoport filed a Report recommending that the Petition be dismissed with prejudice and without an evidentiary hearing, and additionally, that there was no probable cause to issue a certificate of appealability. (Doc. No. 12.) Petitioner did not file objections within the fourteen day period noted by Judge Rapoport. (Doc. No. 12-2.) However, on April 25, 2011, Petitioner filed a motion to file objections to the Report and Recommendation *nunc pro tunc*. (Doc. No. 18.) This Court granted the motion (see Doc. No. 20), and the Objections are now ripe for disposition. (Doc. No. 19.)

## III. STANDARD OF REVIEW

The Court must now "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, defines the scope of federal judicial power to grant an individual relief from his state court sentence. (Doc. No. 4 at 1; Doc. No. 17 at 2.) It provides in pertinent part as follows:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;[4]

28 U.S.C. § 2254 (d)(1). This section requires Petitioner to demonstrate that the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." See Penry v. Johnson, 532 U.S. 782, 792-93 (2001).

A petitioner may do so by establishing either: (1) that the state court decision is contrary to Supreme Court precedent; or (2) that the state court decision is an unreasonable application of

---

[4] Pursuant to Title 28, United States Code, Section 2254, a federal court may grant habeas relief if a petitioner shows either that the state court decision was contrary to or an unreasonable application of Supreme Court precedent under subsection (d)(1), or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding," under subsection (d)(2). Petitioner's arguments fall under subsection (d)(1) only.

Supreme Court Precedent.  Id.  A state court decision is contrary to Supreme Court precedent if it either applies "'a rule that contradicts the governing law set forth in our cases,' or 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'"  Penry, 532 U.S. at 792 (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  A state court decision involves an unreasonable application of Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts."  Id.  If the reasoning and the result of the state court decision are consistent with Supreme Court precedent, the state court decision will be upheld, even where the court fails to cite applicable Supreme Court precedent.  Early v. Packer, 537 U.S. 3, 8 (2002).  Additionally, state court findings of fact are presumed correct unless Petitioner rebuts the presumption with clear and convincing evidence.  See 28 U.S.C. § 2254 (e)(1).

## IV. DISCUSSION

Petitioner submits ten objections to the Report and Recommendation.  These objections concern: (1) the factual background contained in the Report; (2) the voluntariness of the guilty plea; (3) the denial of Petitioner's right to proceed at trial *pro se*; (4) the denial of Petitioner's ineffective assistance of counsel claims; and (5) the findings in the Report that an evidentiary hearing was unwarranted.  (Doc. No. 19.)

### A. **The Factual Background Contained in the Report**

Objection 1 concerns the factual background of the Report.  (Id. at 2.)  Petitioner objects to the statement that, on December 6, 2007, the PCRA court issued a Notice of Intent to Dismiss prior to dismissal without a hearing.  (Id.)  According to Petitioner, the PCRA court failed to provide notice before dismissal.  However, the record contradicts Petitioner's objection.  The

December 6, 2007 Order informed Petitioner that failure to comply would result in dismissal of his petition. (Doc. No. 4, Ex. M at 19.) Furthermore, on appeal, the Pennsylvania Superior Court found the PCRA court had issued a Notice of Intent to Dismiss prior to dismissal. (Doc. No. 4, Ex. I at 9.) Petitioner provides no evidence to rebut these facts. Consequently, the Court finds the objection is without merit and adopts the Report's factual background over Petitioner's objection.

B.  **The Voluntariness of the Guilty Plea**

Objections 6, 7, and 10 concern the voluntariness of the guilty plea. (Id. at 5-6, 8-9.) To succeed in his objection Petitioner must show the decision of the state court to accept his guilty plea as voluntary was inconsistent with Supreme Court precedent. Petitioner has failed to make the requisite showing on this point.

Admissions made in open court "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Challenges based on "conclusory allegations unsupported by specifics," should be dismissed summarily. Blackledge, 431 U.S. at 74 (citing Machibroda v. United States, 368 U.S. 487, 495-96 (1962)). During the Hearing, Petitioner admitted his guilt,[5]

---

[5] Petitioner denies that he admitted his guilt. His assertion is contradicted by the record. Initially, Petitioner denied certain facts which the Government presented to establish his guilt. (Doc. No. 4, Ex. E at 25.) The Government then voiced concern that the denial would result in insufficient facts to support the guilty plea. (Id.) The Court asked Petitioner whether he admitted to the reasonable inferences arising from the evidence so that the court could accept the plea. Petitioner said that the facts noted by the Court raised a reasonable inference and on that basis the Court accepted the guilty plea. (Id. at 27.)

stated he was satisfied with counsel's representation,[6] and voluntarily entered his guilty plea.[7] Petitioner has failed to provide the court with any evidence to rebut the strong presumption that these admissions made in open court were true. Therefore, he has failed to establish that the trial

---

[6] The trial court had notice of Petitioner's dissatisfaction with counsel and his expressed desire to proceed *pro se*. (Doc. No. 4, Ex. E at 5.) For this reason, during the guilty plea colloquy, the court specifically questioned Petitioner about his satisfaction with counsel and the voluntariness of his decision to enter a guilty plea. (Id. at 27-28.) The transcript of the Hearing provides as follows:

> The Court: Now, [Petitioner], are you satisfied with the representation of your attorney?
>
> [Petitioner]: Yes, your Honor.
>
> The Court: Now, earlier you expressed some dissatisfaction with the representation you received. You believe at this point that your concerns are satisfied?
>
> [Petitioner]: After having discussed it with counsel, yes, I am.

(Id.)

[7] The trial court understood that Petitioner's plea must be entered voluntarily. (Doc. No. 4, Ex. E at 29.) The court specifically questioned Petitioner to ensure the plea was voluntary. (Id.) The transcript of the Hearing provides as follows:

> The Court: One of the primary purposes of going through the [Hearing] is to determine that this is voluntary on your part. I'd like to know from your perspective whether you believe this is voluntary.
>
> [Petitioner]: Yes, sir.
>
> The Court: Not whether you like to do it, but whether it's of your own free will.
>
> [Petitioner]: It's reasonable and I accept– I accept whatever. I accept the sentence, it's reasonable and I agree with it.

(Id.)

court's decision is inconsistent with Supreme Court precedent.[8] Petitioner's objections are without merit and the Court accepts the relevant portion of the Report and Recommendation over Petitioner's objection.

C. **The Denial of Petitioner's Right to Proceed *Pro Se***

Objections 2 and 10 concern the denial of Petitioner's right to proceed *pro se*. (Id.) To succeed in his objection Petitioner must show that the decision of the state court to deny his request to proceed at trial *pro se* is inconsistent with Supreme Court precedent. He has not done so here.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea

Tollet v. Henderson, 411 U.S. 258, 267 (1973). Under Tollet, a petitioner waives any constitutional defect which occurred prior to entering a valid guilty plea. Id. Here, as discussed above, Petitioner voluntarily entered a guilty plea. Since the trial court denied Petitioner's request to proceed *pro se* before Petitioner pled guilty, this claim is barred by Tollet. Accordingly, the Court finds Petitioner's objections are without merit and adopts the relevant portion of the Report and Recommendation.[9]

---

[8] Petitioner cites two cases to support his contention that the trial court's decision was contrary to Supreme Court precedent. (See Doc. No. 19 at 9 (citing Blackledge, 431 U.S. 63; Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996)). However, the cases do not stand for the proposition advanced by Petitioner and do not confirm that the trial court's decision is inconsistent with Supreme Court precedent.

[9] Petitioner cites two cases to support his contention that the trial court's decision was contrary to Supreme Court precedent. (See Doc. No. 19 at 2, 9 (citing Lambert v. Blackwell, 134 F.3d 506 (3d Cir. 1997); Faretta v. California, 422 U.S. 806 (1975)).) Once again, the cases do not stand for the proposition advanced by Petitioner and do not establish that the trial court's

D. **The Denial of Petitioner's Ineffective Assistance of Counsel Claims**

Objections 3, 4, 5, and 8 concern the claim that Petitioner was denied ineffective assistance of counsel. (Doc. No. 19 at 2-5, 6-9.) Judge Rapoport did not reach the merits of this claim, concluding that federal habeas review was barred since Petitioner failed to raise the claim on direct appeal. Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a prior postconviction proceeding." 42 Pa. Cons. Stat. § 9544(b). However, "as a general rule, petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." Commonwealth v. Grant, 538 U.S. 500, 508-09 (Pa. 2002). Here, Petitioner did not raise his ineffective assistance of counsel claim on direct appeal, but instead waited until collateral review to do so. Petitioner's failure to raise his claim on direct appeal did not result in a waiver of the claim so long as he raised the issue on collateral review, which he did. Id. Therefore, this Court is not barred from considering the merits of the claim and will do so here.[10]

Petitioner's claim of ineffective assistance of counsel is untenable. Strickland v. Washington, 466 U.S. 668 (1984), requires that a petitioner satisfy a two-pronged standard to establish counsel was ineffective.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's

---

decision is inconsistent with Supreme Court precedent.

[10] Although the Court will decide the merits of the claim where Judge Rapoport did not do so, for reasons discussed below, the same conclusion is reached and the Court will adopt with modification the relevant section of the Report and Recommendation.

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. Petitioner has not satisfied either prong. He has failed to bring to the Court's attention any error made by counsel which was deficient. Further, Petitioner has not shown that a deficient performance prejudiced him. The sentence imposed followed the voluntary guilty plea. Thus, the Court finds that Petitioner's ineffective assistance of counsel claim lacks merit and will adopt with modification the relevant section of the Report and Recommendation over the objections.

    E.    **Evidentiary Hearing**

Objection 9 concerns the conclusion in the Report that an evidentiary hearing is unwarranted. To be granted an evidentiary hearing, Petitioner must meet the standard provided in the AEDPA. The pertinent part of the AEDPA provides as follows:

> **(e)(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> . . . .
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254 (e) (2). Petitioner seeks an evidentiary hearing at which he will present "eye witness testimony supporting those facts warranting an evidentiary hearing in state court." (Doc. No. 19 at 7.) This statement of additional evidence, however, is not sufficiently specific to contradict Petitioner's admissions during the guilty plea colloquy. (Doc. No. 4, Ex. G at 6.) The

Court agrees that an evidentiary hearing is not warranted in this case and adopts the relevant portion of the Report and Recommendation over Petitioner's objection.

## IV. CONCLUSION

For the foregoing reasons, the Court will approve and adopt the Report and Recommendation (Doc. No. 12), and will deny Petitioner's application for relief under 28 U.S.C. § 2254 with prejudice and without an evidentiary hearing. No certificate of appealability will be issued.

An appropriate Order follows.